# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| GRAHAM GEORGE CULLIFORD, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
|  | : 2:10-CV-112-RWS |
| AMERICAN KIKO GOAT ASSOCIATION, *et al*., | : |
| Defendants. | : |

## **ORDER**

This case comes before the Court on Plaintiff's Motion to Strike and to Obtain a More Definite Statement as to the Defendant American Kiko Goat Association's ("AKGA") Answer [35], Plaintiff's Motion Requesting a More Definite Statement from Defendant Mia Nelson [36], Plaintiff's Motion to Strike and to Obtain a More Definite Statement from Defendant Richard Mayer [39], and Plaintiff's Motion for Default Judgment as to Garrick Batten, Caprinex Enterprises Limited, and Goatex Group Limited [44]. After a review of the record, the Court enters the following Order.

**A. Motions to Strike**

Plaintiff has filed motions to strike against the AKGA and Richard Mayer, alleging that they have improperly pled various defenses.  As a preliminary matter, Defendant Mayer has agreed to strike Defense Number 23 (disclaimer) as duplicative and the AKGA has agreed to strike Defense 54 (attorney's fees), the word "may" from Defense 47 (privity), Defense 44 (damages), and Defenses 34 (abandonment) and 32 (fair use) as duplicative. The Court **DEEMS** these Defenses as **STRICKEN** from the Record.

However, the Court does not agree with the Plaintiff on the remaining defenses. Under Federal Rule of Civil Procedure 12(f), the Court may strike an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from the pleadings on its own motion or "on a motion made by a party either before responding to the pleading, or if a response is not allowed, within 21 days after being served with the pleadings." FED. R. CIV. PRO. 12(f). Therefore, Plaintiff had to file his motion to strike within 21 days after each Defendant filed its answer.

First, Plaintiff's Motion to Strike [35] the AKGA defenses was untimely. AKGA filed its answer on August 2, 2010.  With the Plaintiff receiving three

2

(3) additional response days due to Rule 6(b), his response was due 24 days later–or, August 26, 2010. See FED. R. CIV. P. 6 (d) (stating that "[w]hen a party may or must act within a specified time after service and service is made [via the mail], 3 days are added after the period which would otherwise expire under Rule 6(a)").  Since Plaintiff did not file his Motion to Strike [35] until October 8, 2010, that motion is **DENIED**.

In contrast, while Plaintiff's Motion to Strike Defendant Mayer's defenses was timely, it has no merit. Motions to strike are typically denied "unless the matter sought to be admitted has no possible relationship to the controversy, may confuse the issue, or otherwise prejudice a party." Allen v. Life Ins. Co. of No. Am., 267 F.R.D. 407, 410 (N.D. Ga. 2009). After reviewing the Plaintiff's challenges, the Court finds that these defenses have a possible relationship to the controversy, do not create confusion, and do not otherwise prejudice the Plaintiff.  As such, Plaintiff's Motion to Strike [40] is **DENIED**.

**B. Motions for a More Definite Statement**

Plaintiff has also filed three motions requesting the AKGA, Mayer, and Mia Nelson provide more specificity in their answers. Rule 12(e) provides that

"[a] party may move for a more definite statement of a pleading to which <u>a responsive pleading is allowed</u> but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e) (emphasis added). Here, none of the Defendants filed counterclaims which would require the Plaintiff to prepare a responsive pleading. Therefore, as no responsive pleading is allowed, those motions [35, 36, 39] are **DENIED**.

### C. Motion for Default Judgment

Plaintiff has also filed a Motion for Default Judgement [44] against Defendants Garrick Batten, Caprinex Enterprises Limited, and Goatex Group Limited. However, the Court has reservations regarding its personal jurisdiction over these New Zealand Defendants. While the Plaintiff briefly alleges these Defendants' contacts with the United States generally, Plaintiff does not speak to these parties' Georgia contacts, any application of the Georgia long-arm statute, or how federal due process would be upheld through this Court's assertion of jurisdiction. Therefore, the Court **ORDERS** the Plaintiff to produce a memorandum of law regarding this Court's personal jurisdiction over these Defendants by June 3, 2011. Plaintiff is also **ORDERED** to attend an evidentiary and default hearing at 9:30 a.m. on Friday, June 10, 2011 in

4

AO 72A
(Rev.8/82)

Courtroom 303, United States Courthouse, 121 Spring St. SE, Gainesville, GA 30501 where the Plaintiff will be heard on the personal jurisdiction issue, and if the Court concludes that it has personal jurisdiction over these Defendants, his damages.

### D. Conclusion

In sum, Plaintiff's Motions for More Definite Statements [35, 36, 39] are **DENIED**.  Additionally, Plaintiff's Motions to Strike [35, 39] are **GRANTED, in part** and **DENIED, in part**.  Defendant Mayer's Defense Number 23 (disclaimer) is **DEEMED STRICKEN** from the record.  As well, the AKGA's Defense 54 (attorney's fees), the word "may" from Defense 47 (privity), Defense 44 (damages), and Defenses 34 (abandonment) and 32 (fair use) are **DEEMED STRICKEN**. All other Defenses will remain.

Lastly, the Court **ORDERS** the Plaintiff to produce a memorandum of law regarding this Court's personal jurisdiction over these Defendants by June 3, 2011.  Plaintiff is also **ORDERED** to attend an evidentiary and default hearing at 9:30 a.m. on Friday, June 10, 2011 in Courtroom 303, United States Courthouse, 121 Spring St. SE, Gainesville, GA 30501 where the Plaintiff will

AO 72A
(Rev.8/82)

be heard on the personal jurisdiction issue, and if the Court concludes that it has personal jurisdiction over these Defendants, his damages.

**SO ORDERED** this  21st  day of April, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)