**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| GRAHAM GEORGE CULLIFORD, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| | : 2:10-CV-112-RWS |
| AMERICAN KIKO GOAT ASSOCIATION, *et al.*, | : |
| Defendants. | : |

**ORDER**

This case comes before the Court on Plaintiff's Motion for Default Judgment as to Garrick Batten, Caprinex Enterprises Limited ("Caprinex"), and Goatex Group Limited ("Goatex") (collectively, "New Zealand Defendants") [44]. Following a review of the record and two hearings on the matter, the Court enters the following order.

A. Personal Jurisdiction

The Court first finds that it has personal jurisdiction over the three New Zealand Defendants. Under the Georgia Long Arm Statute, Georgia courts may exercise personal jurisdiction over a non-resident who transacts business within

AO 72A
(Rev.8/82)

the State of Georgia. O.C.G.A. § 9-10-91(1) . Jurisdiction exists under the "transacting business" prong of the long-arm statute if "(1) the nonresident defendant has purposefully done some act or consummated some transaction in [Georgia], (2) the cause of action arises from or is connected with such act or transaction, and (3) the exercise of jurisdiction . . . does not offend traditional fairness and substantial justice." Aero Toy Store, LLC v. Grieves, 631 S.E.2d 734, 737 (Ga. Ct. App. 2006 ). The Eleventh Circuit has stated that the first prong of the three-part inquiry satisfies the "transacting business" requirement of the long arm statute and the second and third prongs satisfy federal due process–the "transacting business" inquiry is no longer collapsed into the federal due process inquiry. Diamond Crystal Brands, Inc . v. Food Movers Int'l, Inc., 593 F.3d 1249, 1260 n.11 (11th Cir. 2010).

At the first hearing, Plaintiff confirmed that Goatex created the fraudulent certificates of registration for the purpose of distributing them to AKGA in Georgia.  Based on the AKGA's requirements for registration, an imported animal–such as Batten's Goatex goats–had to be accompanied by a Goatex registration. Cmpl., Dkt. No. [1] at ¶ 167. Thus, Goatex's certificates were for use in Georgia.

2

Once that fraudulent registration was created by Goatex, Batten and Caprinex then transmitted those Goatex certificates to the AKGA and completed and returned DNA samples to Georgia for the purpose of registering Batten's Goatex goats. The Court finds that these actions constituted business transactions in Georgia, and the Defendants should have expected to be hailed into Court in Georgia for the fraudulent business activities which occurred here. Defendants purposefully availed themselves of Georgia when they interacted with and attempted to register goats with the Georgia-based AKGA. Therefore, the Court finds personal jurisdiction against the New Zealand Defendants.[1]

B. Default Judgment

Plaintiff filed a Motion for Default Judgment [44] which came before the

---

[1] Even if Defendant Goatex's out-of-state actions in creating the registration certificates are not sufficient in themselves, construing Plaintiff's *pro se* complaint liberally, the Court finds that Plaintiff has produced sufficient evidence to support conspiracy jurisdiction. "The theory of conspiracy jurisdiction is based upon the notion that the acts of one conspirator in furtherance of a conspiracy may be attributed to the other members of the conspiracy." Hyperdynamics Corp. v. Southridge Capital Mgmt., LLC, 699 S.E.2d 456, 466 (Ga. Ct. App. 2010). "Likewise, under the theory of conspiracy jurisdiction, the in-state acts of a resident co-conspirator may be imputed to a nonresident co-conspirator so as to satisfy the specific contact requirements of the Georgia Long Arm Statute." Id. Plaintiff has alleged that Goatex created fraudulent certificates for the purpose of committing a fraud in Georgia in concert with Batten and Caprinex. Therefore, the clearly in-state actions of transacting business with the AKGA by Batten and Caprinex can be imputed to Goatex to satisfy the long-arm statute.

3

Court for hearing on September 14, 2011. No one appeared at the hearing on behalf of the New Zealand Defendants. After considering the record and Plaintiff's arguments, Plaintiff is awarded $100,000 in damages against Defendants Batten and Caprinex jointly and severally for passing off. Additionally, Plaintiff is awarded $25,000 in damages against Batten and Caprinex jointly and severally for defamation. Plaintiff is awarded costs based on service of process expenses against each of the Defendants as follows:

    Batten: $180.11

    Caprinex: $164.44

    Goatex: $164.44

Also, Plaintiff may file a bill of costs for any additional costs which are recoverable under 28 U.S.C. § 1920 within 30 days of entry of judgment. See LR 54.1, N.D.Ga.

    Because Plaintiff was unable to prove damages as to the claims of fraud and deceit and fraudulent misrepresentation, those claims are **DISMISSED, without prejudice** as to all three Defendants. As a result, the Clerk is directed to close this case and issue a **FINAL JUDGMENT** as to these three Defendants.

**SO ORDERED** this  15th  day of September, 2011.

_____
**RICHARD W. STORY**
United States District Judge